N.A., etc. v. Koch, N.A., etc. Good morning, Your Honors. I am Dennis Koch. I'm the defendant in this case. May it please the Court, a number of facts need to be made very clear in this case. The first fact is that in defendant's response to plaintiff's last affidavit and motion for summary judgment, the defendant requested that the Court strike said affidavit. That is at page 843 of the appendix. Second, in defendant's response to plaintiff's last motion for summary judgment and affidavit, being the fourth motion for summary judgment and sixth affidavit, defendant incorporated his prior response and affidavit to plaintiff's third motion for summary judgment and fifth prove up affidavit. That's at 841 of the appendix. That response, in turn, incorporated another prior response to another motion for summary judgment and affidavit. And that response, in turn, incorporated yet another prior response to another motion for summary judgment and affidavit. Therefore, all of defendant's prior responses were incorporated into defendant's response to plaintiff's last motion for summary judgment and last affidavit. As to the law, each of defendant's responses set forth with particularity the insufficiency of each of plaintiff's affidavits. They also requested that each of those affidavits be stricken. The foundational requirements for a proper prove up affidavit and the lack of such foundational requirements in all of these affidavits submitted by plaintiff are set forth in defendant's brief. Defendant's arguments are supported by the committee comments to Illinois Supreme, to paragraph C2 of Illinois Supreme Court Rule 113. Defendant does not contend that the rule itself... Excuse me. You acknowledge that that rule doesn't apply to this case? The rule itself, Your Honor. Right. Okay. But, however, the committee comments are declarative of existing law which is applicable to this case. I.e., the necessity of a loan history document and the identification of any computer program or software. Have you cited case law that... In my brief, I cited the necessities, the foundational requirements for computer evidence. I didn't get to finish my question. In your brief, have you cited any case law that supports a claim that existing law prior to the rule required a prove up loan history document? No, I do not. Okay. But I feel that without a loan history, the plaintiff's affidavit has to fail because without such a loan history, how can one determine what is owed without an accurate loan history? Defendant believes the trial court erred in its order correcting summary judgment because the trial court overlooked defendant's request to strike that affidavit. Instead, the trial court noted the lack of a counter affidavit and stated that defendant did not contest that the amounts stated by plaintiff are accurate, but that the defendant merely concludes that there exists a genuine issue of fact because the court in 2007 found that there was a general issue of material fact as to the amount due in 2007. In other words, the trial court found that plaintiff's last affidavit is sufficient. Defendant, in his prior responses which were incorporated into his response to the last affidavit and motion for summary judgment, pointed out inaccuracies in the loan history proffered by the plaintiff and therefore contested the principal balance owed and the amount interest owed by way of defendant's affidavit. Plaintiff's last affidavit does not refer to any loan history whatsoever. How then can the defendant offer up a counter affidavit to a non-existent document? What is shown in the last affidavit is conclusions as to the principal balance and to the amount of interest owed and also some fees which we'll get to. Defendant does not contest that the total amount of interest owed does not increase with the passage of time, but defendant does not set forth an accurate calculation of interest in its last affidavit. Instead, it submits a flawed document titled computed daily interest. The court will examine that document. They will see that for any given period of time, whether it be 30 days, 31 days, the amount should be the same. But yet the amounts vary. They actually decrease with the passage of time. There could be explanations for that though, couldn't there? In other words, additions could have been made to principal based on title work or other expenses in association with the full payment. I don't know, Your Honor. That's the trouble with the exhibit to the affidavit. Isn't what the trial court said though basically was that you didn't really point up any material issues of fact. You just threw out questions about why aren't they the same and so forth. And that's not creating a genuine issue of material fact. You know what the trial court said is what I'm trying to say. I understand what the trial court said, but the trial court, as I have pointed out, I believe it erred in ignoring the fact that the defendant requested that the affidavit be stricken for lack of complying with foundational requirement of computer evidence and the fact that what has been produced in the last affidavit is How can nobody determine what is owed from that affidavit? No loan history is supplied as to how the principal balance is arrived at, nor is any appropriate or accurate document supplied as to how the total amount of interest owed is calculated. What is offered up are conclusions as to the principal balance of interest and a suspect listing of amounts supposedly paid for fees without payees or proof of payment or proof that such services were actually performed. Defendant needs to point out an error of fact in his brief. On page 15 of defendant's brief in the second paragraph, defendant states, it should be noted that plaintiff's last affidavit has now abandoned any claim for taxes, despite always claiming that taxes were owed in previous affidavits, all of which were sworn to be true and correct. Plaintiff actually abandoned any claim for taxes at a hearing conducted after that affidavit was filed and before the order of the court granting summary judgment. The following facts should be noted to illustrate the unreliability of plaintiff's affidavit concerning these taxes. Although they were waived, this is just to show the court how inaccurate plaintiff's affidavit is. What I'm referring to is that plaintiff's last affidavit shows the total taxes owed of $12,736.49. This is on page 837 of the appendix. On page 837, there are 1, 2, 3, 4 amounts shown for taxes, the last one being in the amount of $2,034.21. The total figure that I quoted of $12,736.49 was the same amount was shown as to be owed for taxes in the affidavit filed by the plaintiff on October 5, 2006. That appears in pages C, 211 to 239 of the record. However, shortly thereafter, plaintiff admitted that plaintiff was incorrect. Plaintiff admitted that was incorrect in a reply to defendant's affidavit. The reply was filed on November 2, 2006 and appears at pages C, 246 to 247 of the record. Admitting an error of $2,034.21, the same last figure that appears on page 837 of the appendix. Yet, despite admitting that error, plaintiff's last affidavit filed approximately four and a half years later still shows the same amount of $12,736.49, which includes that $2,034.21 figure which was admitted to be in error four and a half years before that. Turning to plaintiff's brief, plaintiff contends that as a matter of law, defendant is precluded from incorporating his prior responses under Supreme Court Rule 134. Supreme Court Rule 134 applies only to pleadings. It has no application to this case. Further, throughout plaintiff's brief, plaintiff contends that defendant failed to move to strike that last affidavit. That has been discussed before. The defendant specifically moved to strike that affidavit. The plaintiff's brief also indicates that defendant did not even mention Rule 191 in his response. Defendant contends that his prior responses thoroughly cited and explored Rule 131 and was incorporated into his response to plaintiff's last motion for summary judgment. Lastly, the plaintiff contends that defendant's response to the motion for summary judgment did not argue that any of the alleged shortcomings of the affidavit created an issue of material fact. Defendant responds by saying, one, the trial court in 2007 found an issue of material fact. Only if plaintiff's last affidavit is sufficient. If there was an issue of material fact in 2007, and the last affidavit is insufficient, and we go back to that ruling back in 2007, there's ipso facto an issue of material fact according to the trial court. Secondly, at this stage of the proceedings, how can one determine what is a material fact? Because without the loan history, it is impossible to show or calculate the principal balance which is owed. Defendant contends that is incorrect. Without the correct principal balance, you cannot calculate the correct amount of interest. Also, on these fees which appear in the last affidavit, as indicated before, there is no payee. There is no showing as to the necessity of those fees. There is no showing as to whether those services were actually performed. There's numerous measures of a maintenance fee, which one is left to speculate what that could be. No maintenance was ever done on this property by the plaintiff. In short, without the proper facts, one can't determine if the amount claimed is correct, whether the amount claimed is incorrect by a few hundred dollars, or whether the amount claimed is incorrect by thousands of dollars. That concludes the defendant's argument. Thank you for your attention. If you can't hear me, please raise your mic. Carter. May it please the Court, Counsel, Justin Carter for Plaintiff Wells Fargo Bank. Your Honors, this is a case of a day late and a dollar short. Defendant's arguments are well thought out, but unfortunately they're too late. These are the type of arguments that should have been presented at the motion for summary judgment. Typically in that situation, the defendant would have presented his own evidence through a counter-affidavit or some other evidence. He simply did not do that. Instead, he incorporated by reference three or four other responses, which he filed four-plus years earlier. And I understand that some of those arguments may have addressed earlier affidavits. Those arguments and affidavits were addressing different affidavits, certainly in different amounts. So it's really, you can't say that by incorporating by reference three or four other responses, that that is a response irrelevant to the motion for summary judgment that, the last motion for summary judgment that plaintiff filed in the affidavit it incorporated by reference. Well, he did argue to the trial court at the motion for summary judgment that the affidavit upon which this summary judgment is based was insufficient and you couldn't tell from it how much was owed. He made those arguments, right? Yes, Your Honor. He did raise those arguments. Okay. Well, let me ask you a question here. I'm looking at the affidavit, which nobody bothered to put in the appendix. But I'm looking at the affidavit, and in the affidavit in paragraph five, where the affiant sets out how much is owed principal and so forth, that affidavit says part of what's owed is $58,656.14 unpaid interest at a rate of 9.84% and at the rate of $24.38 per day. Then you go to the printout that the affidavit is based on, and it shows different per diems every month, ranging from $30 a day to $24.38 a day. And it does show that the per diem actually goes down the longer it's not paid. Why? How does that – I mean, first off, there's an inconsistency in the affidavit. He says it's computed at $24.38 per day, and he's basing that by the affidavit on this printout. But the printout shows different per diems every month. The table that's attached here I believe is an amortization table, which assumes that plaintiff – excuse me, defendant was making his principal payments. And that's why on this table the per diem appears to go down. That's not said in an affidavit anywhere, right? In terms of the table, no, Your Honor. It's part of the servicing records that the affiant relied on in making that affidavit. So let's just assume what you just told me is accurate, that this is just off an amortization table. Then it would not be an accurate statement of the interest owed. It would be too low because he wasn't making the payments. Well, yes, that is correct, Your Honor. However, I don't think that the amortization table necessarily – that's just part of the services records. And they attach – what they were attaching were the servicing records as a whole, which included the amortization table, an itemized list of the fees, the taxes, and the other amounts that are listed here on the second page. That's just part of it. I don't believe that the affiant meant to somehow reference that as the amount where he calculated the interest. The only problem with that is if you add up this column, you get the amount he has there. And that's probably because the $24.38 per day, maybe that was just the average that he stated. Maybe that's where he's coming up with it. Instead of saying, I added all these amounts per day. You're going to say maybe this and maybe that. Isn't summary judgment supposed to be free from doubt? Well, Your Honor, I simply rely on our clients' business records and their interpretation of those records. They're certainly in a better place to interpret their own records than I am. I don't work for Ackman. And, you know, we're – like the court, we're relying on what the plaintiffs' own records and their employees are producing these affidavits. Yeah. And, okay, that's just kind of another question. I mean, there's not – in fact, it seems pretty clear that none of these records that Chris Heineken based the affidavit upon are records that he personally kept. They're records of Oakland, and they go back to a time before Oakland actually had the mortgage. Is that accurate or – service? Yes, Your Honor. In terms of Heineken, I'm going to say, Mr. Heineken's affidavit, no, he did not keep those records personally. He was not the servicer. He was an employee for the servicer of Oakland. And even though Oakland may not have been the original servicer when this case was filed in 2005, they're certainly entitled to rely on the prior servicer's business records, the accuracy. I mean, they do – when they're being boarded with a loan, they do compliance checks. They verify the accuracy of the prior servicer's records. So – but as an employee of the servicer, he is trained to understand how data is inputted into Oakland's system. He himself is trained to input that data. He understands the process by which Oakland creates this data. And so that when he's reviewing Oakland's services records, his knowledge is based – his personal knowledge is based on his review of those records, which he testifies in his affidavit. He explains that they're made at or near the time of the entry and that they are regularly updated and that the records are regularly checked to make sure that they are accurate. So, no, he himself is not the person who maintained those records, but he's an employee who's familiar with the records and how they're maintained. Thank you. But, you know, given our discussion, like I said, these would have been discussions that would have been more apt and more appropriate at the motion for summary judgment stage. And mere speculation or simply raising questions of issues to an affidavit without some sort of counter-affidavit or some other evidence under Illinois law isn't enough to overcome or create, I should say, a genuine issue of material fact. I understand that by incorporating by reference, you know, he tried – the defendant tried to challenge the affidavit. But, again, we're dealing with different affidavits, different time, different amounts. And so, really, at the motion for summary judgment stage, we're dealing with the affidavit before the court at that period in time, and that's what should have been contested by the defendant. And, you know, and even so far, if he was attempting to incorporate those prior responses in his own affidavits, he should have at least attached them. Certainly Rule 134, while it goes to statement of facts, even if we apply it liberally, surely those arguments should have been at least attached to his response than simply saying see my responses over the last four and a half years and then left it up to the trial court to, you know, page through every response, try to figure out what was responsive and what wasn't. And then, next, the defendant makes reference to the last line, the last, you know, ten words of his response to the motion for summary judgment, which says he, in his peripheral relief, requested the trial court to strike the affidavit of plaintiff. I don't think that simply asking the court to strike the affidavit of the plaintiff attached to the motion for summary judgment is an adequate request to the court or formal motion to strike that affidavit. Certainly, in our brief, we cited at least four cases on point that indicate that when an opposing party that's challenging motion for summary judgment does not file a formal motion to strike the affidavit or some other formal challenge to that affidavit, those arguments as to the accuracy of that affidavit are waived in terms of appeal. And I don't think that simply just asking the court to strike it in their response is a formal, proper motion to strike the affidavit. And then, finally, Your Honor, in terms of any lack of foundation or evidence that is stated in the affidavit or conclusions that are in the affidavit, courts have held that even though there may be impermissible conclusions or opinions in the affidavit, if the affidavit on the whole, if it's apparent that the affiant has knowledge of the statements or has set forth the facts which support these conclusions or opinions, courts have held that that is permissible then to consider those conclusions that are in the affidavit. And even a step further, courts have also held that there may be harmless error. Even if there is harmless error, a court can still properly consider that affidavit in cases where there is a sufficient set of facts that are laid out. And in this case, the affidavit, it's very detailed with respect to his personal knowledge, how often his records are maintained, the amounts owing. And I feel that even if the conclusions in the affidavit are impermissible, I believe that there is harmless error, that even if there is harmless error here, that the trial court still did not err in granting the motion for summons judgment. And unless the court has any questions, that will conclude my presentation. Thank you. We have a rebuttal, sir. We know your rebuttal. We know your rebuttal. Thank you both for your recent arguments. We support the matter under your advisement. We appreciate your opinion. We're going to recess until 1 o'clock. All rise.